MCELROY v. O'CALLAGHAN.

TROVER—OWNERS IN COMMON—DEMAND AND REFUSAL.
> The owner of an undivided half interest in personal property cannot maintain an action for its conversion against the owner of the other half interest because of the latter's refusal either to buy the former's interest or to surrender *exclusive* possession; nor can the action be sustained by evidence that a demand was made for *joint* possession, where it is not shown that this demand was refused.

Error to Menominee; Stone, J. Submitted February 3, 1897. Decided March 17, 1897.

Trover by Charles T. McElroy against John O'Callaghan and another. From a judgment for plaintiff, defendant O'Callaghan brings error. Reversed.

*Cook & Pelham*, for appellant.

*Sawyer & Waite*, for appellee.

GRANT, J. Trover for the undivided half of a portable sawmill. The sole question in the case is whether there was any evidence tending to legitimately show a conversion by the defendant O'Callaghan of the plaintiff's undivided half of the property. The mill had been shut down, and had not been used for some time. The shed over it had fallen in. The small articles had been removed, but by whom does not appear. Defendant took the boiler and engine and a few other articles, and removed them to the mill of the defendant the Laing Lumber Company, where the boiler and engine had been used for a short time. The court directed a verdict for the defendant company, but submitted to the jury the question of conversion by defendant O'Callaghan.

While plaintiff was upon the stand, the court, properly recognizing that the question must depend upon what was said, instructed the witness to state the conversation, to which the witness replied:

" I asked him for my interest in the mill, or the mill, to which he refused both.

"*Court:* What did he say?

"*A.* He would not give me possession of it, nor pay me for my interest.

"*Court:* What, if anything, did he say?

"*A.* He did not recognize my interest in it.

"*Counsel:* I would like to have the conversation.

"*Court:* Yes, as near as you can get at it. What did he say about it?

"*A.* I don't hardly mind the wording of what he said. I think he said he would not give me anything for my interest.

"*Counsel:* Did he, or did he not, refuse to recognize your interest in the mill?"

Objection being made to this question, the court ruled it out, as calling for a conclusion, and the court continued the examination:

"*Q.* You went and spoke, I suppose, about this mill?

"*A.* Yes, sir.

"*Court:* And you said you wanted your interest in it, or the mill, or you wanted a settlement?

"*A.* Yes, sir, to which he said 'I shall pay nothing.'

"*Court:* Is that the substance?

"*A.* That is the substance of it. When he refused to pay me anything for my interest in the mill, then I asked if I could not have the mill, to which he refused.

"*Court:* What, if anything, did he say about your interest, and what he proposed to do with it, if anything?

"*A.* Well, the position he took was that he had possession of the mill, and it was his.

"*Court:* You should give us the substance of what he said. If you cannot give the language, give the substance.

"*A.* I can give you the substance of what he said; that was that he would not give me the mill, nor any compensation for my interest in the mill.

"*Court:* You think that was what he said?

"*A*. I demanded joint possession with him for the mill, but did not get it."

On cross-examination, the witness said the substance of the conversation was that defendant said he would not pay or deliver possession, and that he was willing to abide by that as the substance of the conversation. The defendant testified that plaintiff told him he ought to load the mill, and put it on the cars for him; that he had made no money up there (where plaintiff had formerly used it), and he thought it would be only fair that defendant should give him the entire mill as it was, which defendant refused to do, but offered to take $150 for his interest, and load it on the cars for the plaintiff. This was all the testimony there was bearing on the question of conversion. We do not think it was sufficient to sustain the verdict. Defendant was under no obligation to surrender exclusive possession. It is true, plaintiff testified he demanded joint possession, but he did not testify that this was refused. The court should have directed a verdict for the defendant.

Judgment reversed, and new trial ordered.

The other Justices concurred.