## PARKE *v.* NIXON.

1. TENANTS IN COMMON—CONVERSION.
    A demand by a tenant in common of personalty for the exclusive control of the property, and a refusal of such demand by a tenant in possession, does not amount to a conversion.

2. TRIAL—INSTRUCTIONS—THEORY NOT PRESENTED.
    Plaintiff cannot complain of an instruction relative to a theory favorable to defendant on the ground that defendant presented no such theory, where plaintiff brought it out himself by cross-examination.

3. SAME—REQUESTS—ASSUMPTION OF FACTS.
    A request, assuming as true facts not proved, is properly refused.

4. GIFTS—EVIDENCE—QUESTION FOR JURY.
    Though there is no direct contradiction of testimony offered to

establish a gift consisting of statements and admissions of defendant's intestate, the question is for the jury, it being for them to determine the sense in which the language imputed to decedent was used.

5. SAME—INSTRUCTIONS—DEFINITION.
    Where there is no uncertainty as to the terms of an alleged gift, and the only question is one of credibility of witnesses, an instruction defining a gift is not necessary.

Error to Wexford; Chittenden, J. Submitted June 16, 1905. (Docket No. 31.) Decided September 19, 1905.

Trover by Milton H. Parke, administrator of the estate of Margaret East, deceased, against Frank Nixon. There was judgment for defendant, and plaintiff brings error. Affirmed.

*I. C. Wheeler*, for appellant.

*E. F. Sawyer*, for appellee.

MONTGOMERY, J. This is an action of trover brought by Margaret East in her lifetime to recover the value of a mare. The case was tried in justice's court in the lifetime of Margaret East, and after appeal to the circuit, Mrs. East having died, the case was revived in the name of the administrator.

The theory of the plaintiff was that Margaret East acquired title to the mare in question by gift from her husband, William East; that after William East's death the mare was taken into possession by his administrator and sold to defendant; that defendant refused to deliver up the mare on request; and that she was therefore entitled to recover.

The defendant offered testimony tending to show that when the mare in question was a colt she was injured so seriously that Mr. East determined to kill the animal; but, on the suggestion of his then wife, Electa East, that she would care for and raise the colt, William East stated to her that if she would do this she could have the

colt as her property, and that she did care for and raise the colt, and the same continued to be her property until her death. The jury found for the defendant, and plaintiff brings error.

The court charged the jury as follows:

"The theory of the plaintiff is that William East in his lifetime, at or about the time he married Margaret East, owned this horse in question, and that he gave it to his wife, Margaret East, and that she became the owner of it through this gift from her husband, William East, and that, consequently, the executor or administrator, whichever it was, of the estate of William East, deceased, had no right to sell it to Mr. Nixon, and that Mr. Nixon therefore gained no title to the horse, and that he therefore should account to Margaret East, or her estate, for the value of this horse.

"It is the theory of the defendant that William East did not own this horse at the time he gave it to Margaret East; that when the horse was a colt very young it became injured, and that he then and there gave it to his then wife, Electa East, and told her (Electa East) that if she could save the colt and take care of it that she could have it, that it would be hers; and the theory of the defendant is that afterwards, at all times during the life of Electa East, that this horse was known as Electa East's horse, William East's first wife's horse, and that Mr. East himself had no title to it whatever.

"Now, there is practically only one question for this jury to decide, and that is, Who owned this horse in question? I charge you now that if you find from the testimony that Electa East owned this horse in her lifetime, then the plaintiff could not recover, and your verdict would be, 'No cause of action,' because, if she owned it, William East gained no title to it by her death, and had no right to give it to his second wife. If you find that he did not give this horse to his first wife, Electa East, and if he did not give it to his second wife, Margaret East, then the plaintiff could not recover, because it would be his own horse, and would belong to his estate, and, having been sold by the executor or administrator of the estate, it would be a legal sale, and the plaintiff could not recover, and your verdict would be, 'No cause of action.'

"But if you find that he did not give it to Electa East, but did afterwards give it to his wife, Margaret East,

then your verdict will be for the plaintiff in such a sum as you find from the evidence the horse was worth at the time the demand for it was made of the defendant, Mr. Nixon."

The errors to charge relate to the charge as given and the refusal of certain requests of plaintiff.

It is urged that the court erred in charging that plaintiff could not recover if there was a gift to Mrs. Electa East in her lifetime. It is now said that, even if there was such gift to Electa East in her lifetime, William East was entitled, under section 9322, subd. 7, 3 Comp. Laws, to an undivided one-third of the mare after Electa East's death, and would have a right to dispose of this one-third interest to any one, and therefore, if there was a gift to Margaret East, she might in this action recover one-third the value of the property. No such theory was presented to the court below. If there had been, the evidence fails to show any demand, except a demand for the exclusive control of the property, and a refusal of such a demand by a tenant in common in possession does not amount to a conversion. *McElroy* v. *O'Callaghan*, 112 Mich. 124.

It is also urged that there was error in that portion of the charge in which it was stated that, if William East did not give the horse to Margaret East, plaintiff could not recover, because it would belong to his estate, and that the sale by the administrator would vest the title in defendant. It is said defendant did not present such a claim. This is true; but plaintiff did put in evidence this fact of sale by the administrator on cross-examination, and, having done so, cannot complain of an instruction as to the effect of said sale.

It is also urged that this was error, for the reason that the undisputed evidence shows that William East did give the horse to Margaret East. It is true that there was no direct contradiction of the testimony offered to establish this gift to plaintiff's intestate, but the testimony offered by plaintiff consisted of statements and admissions made by William East in the nature of admissions. It was for

the jury to determine the sense in which the language imputed to him was used.

The refusal to give the second request of plaintiff was not error, for the reason that it assumed facts to be true which were not proven.

The third request related to the subject of estoppel, and was properly refused, for the reason that the record discloses no action by plaintiff's intestate predicated upon the acts of the heirs of William East which are claimed to amount to an estoppel.

Error is assigned upon the refusal of the court to define what would constitute a gift, although requested so to do. An instruction on the lines suggested would not have been error, nor would it have aided the jury. A mere definition is seldom of value in a charge. In this case there was no uncertainty as to the terms of the gift to Electa East, if any such transaction at all took place. It was solely a question of credibility. If the testimony of defendant's witnesses was true, a gift did take place, and there was no error in so assuming in the charge. The case was well tried.

Judgment affirmed.

MOORE, C. J., and CARPENTER, GRANT, and OSTRANDER, JJ., concurred.